UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAVON Z. REEVES, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 11-0755 (EGS) <br> ) |
| MV TRANSPORTATION, INC., *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motions to dismiss [Dkt. # 3, 12].[1] For the reasons discussed below, the motions will be granted.

I.  BACKGROUND

On Thursdays, plaintiff has traveled from his home in Southeast, Washington, D.C. to Washington Hospital Center Behavioral Health Services at 216 Michigan Avenue, N.E. Defendant MV Transportation, Inc. ("MV Transportation") has provided transportation for plaintiff at the District of Columbia government's expense, and apparently in conjunction with MetroAccess, a paratransit service of the Washington Metropolitan Area Transit Authority.

---

[1] Defendant Alex Lodde relies on the arguments set forth in the motion to dismiss filed on behalf of MV Transportation, Inc., Feyson Lodde, and the defendant identified as "Julius, Dispatch Supervisor" in the complaint.  The Court presumes that the defendants identified as "Feysan Lodde" and "Fay San Lodde" are references to the same individual whose name properly is spelled Feyson Lodde.
  It is unclear whether service of process has been effected on the remaining defendants, and no answer other response to the complaint has been filed on their behalf.  The Court will dismiss these defendants without prejudice as parties to this action.

1

Notwithstanding this arrangement, when plaintiff boarded the van on March 17, 2011, the operator directed plaintiff to "pay [a fare of] five dollars and some change." Compl. at 2. Police were called "to have [plaintiff] removed from the van," but without a crime having been committed, the police took no action. *Id.* Apparently plaintiff "departed the . . . [v]an" on his own. *Id.* A second incident occurred on March 24, 2011, when an MV Transportation operator "refused to use the money in the MetroAccess Easy Pay Account once again." *Id.* at 3.

According to plaintiff, MV Transportation and the individuals to whom he made complaints "are purposely and intentionally inflicting . . . undue inhuman treatment" on him and otherwise are mistreating people such as plaintiff with disabilities. *Id.* Plaintiff demands an "award [of] Fifty Thousand Dollars because of the inhuman treatment and stress that has been inflicted" on him. *Id.* at 4. He also demands injunctive relief. *Id.*

## II.  DISCUSSION

The Court concurs with defendants' assessment that, although "[p]laintiff's *pro se* complaint is, quite frankly, difficult to interpret at times," it properly is construed "to generally allege disability discrimination with respect to access to transportation . . . under the public accommodations provisions of the Americans with Disabilities Act." Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 3. Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the pleading fails to state a claim upon which relief can be granted. *See id.* at 3-5. Plaintiff's opposition is devoted entirely to defendants' alleged failure to serve him a copy of their motion in accordance with Local Civil Rule 5.3(e), *see* Opp'n Mot. to Defs.' Mot. to Dismiss the Compl. at 2 (page number designated by the Court), and ignores completely the arguments set forth in defendants' motion.

*A.  Dismissal Under Rule 12(b)(6)*

A complaint need only provide a "short and plain statement of [plaintiff's] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).  On a Rule 12(b)(6) motion to dismiss, a "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  At the pleading stage, a plaintiff need not allege all the elements of his *prima facie* case.  *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.*,129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 556). "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).  A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94 (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of*

*Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

### B.  Plaintiff Fails to State a Claim Under Title III of the ADA

With respect to public transportation, Title III of the Americans with Disabilities Act ("ADA") provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce.

42 U.S.C. § 12184(a).  Title III supplements this general prohibition with "various, more specific requirements."  *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128 (2005).  For example, an entity providing public transportation may not "impose[] . . . eligibility criteria that screen out . . . an individual with a disability," 42 U.S.C. § 12184(b)(1), must make "reasonable modifications," *id.* § 12184(b)(2)(A),  must provide auxiliary aids and services to disabled riders, *id.* § 12184(b)(2)(B), and must "remove barriers," *id.* § 12184(b)(2)(C), as necessary, *see id.* ¶ 12182(a)(2)(A).

A plaintiff alleges a violation of Title III of the ADA by asserting that he is an individual with a disability, that the defendant is subject to Title III, and that he was denied an opportunity to benefit from the defendant's services or otherwise was discriminated against because of his disability.  *See Poldberg v. 5 Star Flash, Inc.*, No. 11 CV 3194, 2011 WL 6097990, at *2 (N.D. Ill. Dec. 1, 2011).  The Court reads the complaint to allege that plaintiff is a disabled individual for purposes of the ADA, and MV Transportation concedes that it is "a private transportation service subject to the public accommodations provisions" of the Title III of the ADA.  Defs.'

Mem. at 3. Left for the Court's consideration, then, is whether the complaint adequately alleges that plaintiff has been denied the benefit of MV Transportation's services because of his disability.

It appears that the alleged denial of services occurred because of funding – although plaintiff's fares were to be paid from government funds, for reasons unknown, the fares were unavailable. These events caused plaintiff inconvenience and he may have incurred expenses to in obtain alternative means of transportation to and from the two appointments mentioned in the complaint. It is not a foregone conclusion that these events occurred because of plaintiff's disability. As drafted, plaintiff alleges that defendants may have violated Title III of the ADA, but these facts "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. Where, as here, plaintiff's factual allegations are "merely consistent with" defendants' liability, his complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks and brackets omitted). Absent allegations to link defendants' conduct with plaintiff's disability, the type or nature of which is unclear, the ADA claim fails. *See Poldberg*, 2011 WL 6097990 at *2 (blind plaintiffs with service dog who pled that a dispatched cab "failed to show up" did not allege that "the failure of [the] cab to arrive . . . was in any way caused by reason of [their] disabilities").

Even if plaintiff had adequately alleged an ADA claim, he cannot recover monetary damages under Title III because "only injunctive relief is available for violations of Title III." *Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002); *Daubert v. A-1 Tours & Travel*, No. 1:06-cv-00612, 2006 WL 1628234, at *2 (E.D. Cal. June 8, 2006) ("To the extent that Plaintiff seeks damages for a violation under Title III of the ADA, Plaintiff's complaint fails to state a claim

5

because damages are not recoverable under Title III of the ADA; rather, only injunctive relief is available for violations of Title III."); *Woods v. Wills*, 400 F. Supp. 2d 1145, 1163 (E.D. Mo. 2005) ("To the extent Ms. Woods' claim is based on other aspects of denial of public accommodation, she cannot state a claim because the only relief she seeks, monetary damages, is unavailable under Title III.").

### III.  CONCLUSION

The Court concludes that the plaintiff's complaint fails to allege a claim under Title III of the ADA.  Accordingly, defendants' motion to dismiss will be granted.  An Order accompanies this Memorandum Opinion.

Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      February 24, 2012